NO. 07-00-0305-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 6, 2000

_____

FRANCISCO JAVIER OLVERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 263RD DISTRICT COURT OF HARRIS COUNTY;

NO. 824785; HONORABLE JIM WALLACE, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ORDER OF ABATEMENT AND REMAND

Appellant Francisco Javier Olvera has given *pro se* notice of appeal from a conviction and sentence in cause number 824785 in the 263rd District Court of Harris County, Texas (the trial court), for possession of marijuana in the amount of 5-50 pounds. The clerk of the court of appeals received and filed the trial court clerk's record on June 5, 2000. The trial court clerk's record contains a waiver of appellant's right to have a court

reporter record his guilty plea proceeding, and no reporter's record has been received by the clerk of this court.

The trial court clerk's record reflects that, prior to appellant's conviction, counsel was appointed to represent appellant. Following his conviction appellant filed an affidavit of indigency and his *pro se* notice of appeal. No separate appointment of counsel has been made for appeal. No appearance has been made by counsel for appellant on appeal. See TEX. CRIM. PROC. CODE ANN. art. 1.051.(d) (Vernon Supp. 2000); TEX. R. APP. P. 6.4(b).

This appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 43.6. Upon remand, the judge of the trial court is directed to cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant is indigent; (3) if appellant is indigent and desires to prosecute this appeal, whether a reporter's record was made of the plea proceedings and whether appellant is entitled to a free transcription of the proceedings; (3) if appellant desires to prosecute this appeal, whether appellant's previously appointed counsel should be replaced and separate counsel for appeal appointed; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the attorney appointed prior to appellant's plea and conviction should be replaced, the trial court should

2

cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly appointed attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a reporter's record of the hearing; and (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the reporter's record of the hearing. In the absence of a request for extension of time from the trial court, the supplemental clerk's record, reporter's record of the hearing, and any additional proceeding records, including any orders, findings conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than October 16, 2000.

Per Curiam

Do not publish.